UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

            - v. -

H. CLAYTON PETERSON,

                  Defendant.
------------------------------------------------------------X

**OPINION AND ORDER**

11 Cr. 665 (RPP)

**ROBERT P. PATTERSON, JR., U.S.D.J.**

**I.  Background**

On August 5, 2011, the Government filed an information charging H. Clayton Peterson ("Peterson" or the "Defendant") with one count of Conspiracy to Commit Securities Fraud and one count of Securities Fraud in violation of 18 U.S.C. §§ 371 and 2, and 15 U.S.C. §§ 78j(b) and 78ff.  Peterson waived indictment, and entered a plea of guilty to both counts.  On October 11, 2011, the Defendant appeared before the Court for sentencing.

After making the necessary findings under the sentencing guidelines, the Court sentenced the Defendant to two years probation, with three months to be served in home confinement; a special assessment of $200; and forfeiture of all property, real and personal, that was derived from proceeds traceable to the commission of the offenses under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.[1]  (See Transcript of Sentencing Hearing held 10/11/11 ("Tr.") at 21.)  The Court also imposed a fine of $400,000, but gave Defendant leave to file a submission addressing

---

[1] In a letter dated October 31, 2011, the Government informed the Court that it was seeking forfeiture in the amount of $63,826.

the appropriate amount of the fine.[2] On October 26, 2011, Defendant filed his submission with the Court.

## II.    Discussion

According to the United States Sentencing Guidelines Manual, "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S. Sentencing Guidelines Manual ("S.G.M.") § 5E1.2(a) (2010). In determining the amount of the fine to be imposed, the guidelines mandate that the Court consider the following factors:

> (1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;
>
> (2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;
>
> (3) the burden that the fine places on the defendant and his dependents relative to alternative punishments;
>
> (4) any restitution or reparation that the defendant has made or is obligated to make;
>
> (5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;
>
> (6) whether the defendant previously has been fined for a similar offense;
>
> (7) the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed; and
>
> (8) any other pertinent equitable considerations.

---

[2] "[T]he fine I would impose would be $400,000 . . . [s]ubject to . . . more consideration being given to the matter upon receiving a letter in two weeks." (Tr. at 30.)

S.G.M. § 5E1.2(d).  Furthermore, "[t]he amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive."  Id.

In its effort to impose "a fair fine and not retribution," (Tr. at 20), the Court granted the Defense leave to submit additional information in order to shed light on the Defendant's financial situation.  In its submission, the Defense argues that a fine of $126,000 would be appropriate in this case.  "This amount would represent 200% of the funds subject to forfeiture.  It would also be a significant sum in light of Mr. Peterson's present liquid assets, inability to obtain further employment in his field, the significant costs he has and will incur, and the modest lifestyle he leads."  (Mem. in Connection with the Fine to be Imposed on H. Clayton Peterson ("Def. Mem.") at 1.)  The Court has considered Defendant's submission.

The Defendant owns four properties: two homes in Colorado, one in Arizona, and a time-share in Mexico.  (See Def. Mem at 2.)  Though the pre-sentence report indicates that the approximate worth of these properties is $1 million, this determination is based on the value of the properties in the years that they were purchased.  (See id.) Given that the Defendant purchased these properties between 1983 and 1998, there is little doubt that the combined value of these properties far exceeds $1 million at present day.  (See id. at 2 n.1.)  There are no mortgages or liens on these properties, and, in fact, the Defendant earns money by renting out one of his Colorado homes to vacationers.  Furthermore, he purchased the Arizona property in order to be close to his daughter while she attended college, a purpose which the home no longer serves.[3]  (Id.)

Defendant's retirement accounts have a combined value of $2.1 million, which, by the Court's estimate, would allow him to earn income of over $100,000 a year.  (See id. at 3.)

---

[3] Defendant's daughter moved from Denver to North Carolina in January 2011.  (See Mem. in Aid of Sentencing of H. Clayton Peterson Ex. 9.)

Defendant also has a number of other investment assets, the values of which are apparently "very difficult to determine." (See id.) Additionally, the Defense did not provide the Court with a figure or estimate with regard to a proposed settlement with the SEC, which apparently would involve his share, and the share of any monetary penalties imposed, and legal fees billed to, his son. (See id. at 5.) The Defendant has not chosen to disclose to the Court those amounts, or projections of those amounts. Lastly, while the Defendant's planned support for his granddaughter's college education is praiseworthy, it is only slightly relevant to the issue of the amount of fine to be imposed as punishment for the crime and deterrence of others.

## III. Conclusion

After reviewing the Government's submission, the Court finds that its original determination was correct, and that the fine will not be altered. Mr. Peterson was not sentenced to any jail time, even though the Sentencing Guidelines called for a sentence of 12 to 18 months. The Court finds it necessary to impose a fine that is stiff enough to provide adequate deterrence to others who may seek to benefit from insider trading. In light of all of the other factors the Court has considered, $400,000 is an amount "sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive." S.G.M. § 5E1.2(d).

IT IS SO ORDERED.

Dated: New York, New York
      October 31, 2011

                                            Robert P. Patterson, Jr.
                                            U.S.D.J.

**Copies of this Opinion and Order were sent to:**

*Counsel for Defendant*
Steven R. Glaser
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
tel: (212) 735-3000
fax: (917) 777-2465

Patrick J. Burke
Patrick J. Burke, P.C.
999 18th Street, Suite 2055
Denver, CO 80202
tel: (303) 825-3050
fax: (303) 825-2992

*The Government*
Michael Levy
Assistant U.S. Attorney
U.S. Attorney's Office for the
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
tel: (212) 637-2200
fax: (212) 637-2527